IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALEXANDER McWILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-00043-JPG |
| | ) | |
| UNKNOWN DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This case was opened upon receipt of a Complaint from Alexander McWilliams. (Doc. 1). McWilliams is currently detained at Saline County Jail in Harrisburg, Illinois. In the Complaint, McWilliams alleges that he was wrongfully charged with "a crime" in April 2019, and he was detained for a year until he pleaded guilty to obstruction of justice in April 2020. (*Id*. at 1-3). He now seeks assistance filing "suit." (*Id*. at 1-12).

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

The Complaint sets forth no basis for this Court's jurisdiction. Although this matter was opened as a civil rights action pursuant to 42 U.S.C. § 1983, it is altogether unclear what type of action McWilliams intends to bring. Generally, the Court evaluates the substance of a plaintiff's claim to determine if he has invoked the correct statute. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). But, here, McWilliams invokes no statute at all.

If he wishes to challenge his state court conviction or sentence, McWilliams may need to file a direct appeal of his criminal conviction or a petition for post-conviction relief in state court. A petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is the proper route if a state prisoner "is seeking what can fairly be described as a quantum change in the level of custody- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). On the other hand, if he is seeking an injunction or money damages for violations of his constitutional rights by state actors, Section 1983 provides the proper avenue to relief. In this case, McWilliams does not indicate what relief he is seeking. He also fails to describe the nature of his injury. McWilliams is the architect of this action, and he must decide what type of action he will bring.

The Complaint also violates Rules 8 and 10 of the Federal Rules of Civil Procedure. It includes no case caption, no plaintiff(s), no defendant(s), no statement of claim, and no request for relief. Rule 10 requires "[e]very pleading [to] have a caption with the court's name, a title, a file number, and a Rule 7(a) designation." *See* FED. R. CIV. P. 10. Rule 8 requires a plaintiff to include a "short and plain statement of the claim" showing why the pleader is entitled to relief and "a demand for the relief sought." See FED. R. CIV. P. 8(a)(2) and (3). In light of Plaintiff's omissions,

the Court is unable to discern who is the subject of this lawsuit, why the lawsuit has been brought, or what relief is sought.

The Complaint does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim. Plaintiff will have an opportunity to file an Amended Complaint, if he wishes to pursue his constitutional claims against state actors under 42 U.S.C. § 1983 for money damages or injunctive relief. The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how Plaintiff's rights were violated, which he has not done with his current Complaint. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (*e.g.*, John Doe 1 (doctor)). Additionally, Plaintiff must name each defendant in the case caption and reference him/her in the body of the Amended Complaint.

## **Pending Motions**

Plaintiff's Motions for Recruitment of Counsel (Docs. 3 and 9) are **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court should consider when presented with a request for counsel by a pro se litigant). Plaintiff has not shown sufficient efforts to locate counsel on his own before seeking the Court's assistance. He asked his public defender to file this lawsuit, and the public defender declined to do so. He also asked his family to help him find an attorney, but attorneys "want money." (Doc. 3). Finally, he contacted several attorneys and/or law firms that declined to represent him because they were "close friends of the defendants." (Doc. 9).

Although he disclosed the names of several attorneys he contacted about this matter, Plaintiff provided no information about when he contacted them, what type of representation he requested, and what response he received. He failed to provide copies of any written communications with them. In addition, Plaintiff disclosed no impediments to self-representation (beyond his high school education) that appear to pose insurmountable hurdles to his litigation of this matter. Accordingly, the motions are denied without prejudice at this time.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for violation of Federal Rules of Civil Procedure 8 and 10 and for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **July 1, 2022**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Amended Complaint must stand on its own, without reference to any previous pleading. Plaintiff should list this case number (*i.e.*, No. 22-cv-00043-JPG) on the first page of the document, and he must re-file any

exhibits he wishes the Court to consider along with it. The Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, for use in preparing the Amended Complaint in this action, and a blank habeas petition under 28 U.S.C. § 2254, for use in challenging his state court conviction, if he has exhausted his available state court remedies and intends to pursue habeas relief in federal court.

**IT IS SO ORDERED.**

**DATED: 6/1/2022**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**