IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDER McWILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KASIAR MOLLY WILSON, | )   Case No. 22-cv-43-DWD |
| NATHAN MOORE, | ) |
| GERMY LLOYD, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Alexander McWilliams, a detainee at the Saline County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff claims that his rights were violated because he was arrested and held for trial for more than a year, the state failed to disclose exculpatory evidence, and Defendant Moore committed perjury at preliminary hearings. Plaintiff seeks compensation for his pain, suffering, mental distress, and defamation of character. Plaintiff's original pleading was dismissed for failure to state a claim. (Doc. 12).

Plaintiff's Amended Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by

law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff's one-page amended complaint does not mention individual actions by Defendants Kasiar Molly Wilson, or Germy Lloyd—both state's attorneys for Saline County. Instead, Plaintiff generically alleges that a warrant for his arrest was issued in August of 2018 by the Saline County State's Attorney, and he was arrested in April of 2019. (Doc. 13 at 6). He claims he was held until October 2020, and that the state withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). As to Defendant Moore, a police sergeant, Plaintiff alleges that Moore committed perjury at preliminary hearings by lying about what material was sent to the lab. Plaintiff seeks $500,000 in compensation for pain and suffering, mental distress, defamation, 18 months of malicious prosecution, and prosecutorial misconduct. (Doc. 13 at 7).

## Discussion

Plaintiff's complaint suffers from multiple defects, and for reasons explained below, he has failed to state a valid claim.

First, as to Defendants Wilson and Lloyd, Plaintiff has not identified any personal actions taken by these individuals that violated his rights. To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff's allegations are insufficient to establish a § 1983 claim against Wilson and Lloyd. Even if

the Court assumed that Plaintiff had sufficiently identified actions by these defendants in the withholding of evidence, Plaintiff would not be able to secure any civil relief against these parties if and until he showed that any conviction related to this conduct was vacated. *Heck v. Humphrey*, 512 U.S. 477 (1994). Furthermore, even if Plaintiff's underlying conviction had been vacated, he likely could not seek relief against these two parties because prosecutors possess prosecutorial immunity for most tasks associated with their role as an advocate for the state. Such immunity attaches to activities such as "failure to comply with disclosure obligations and the suppression of evidence," *Heidelberg v. Manias*, 503 F.Supp.3d 758, 779-80 (C.D. Ill. 2020), and can apply even if a prosecutor acts with malice or in an unreasonable fashion, *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). In light of these issues, Plaintiff has failed to state a claim against Wilson and Lloyd, and it is unlikely that he could do so.

Second, as to Defendant Moore, Plaintiff's allegation is that Lloyd submitted perjured testimony at two pretrial hearings. The Seventh Circuit has unequivocally held that police officers have absolute immunity for testimony provided a pretrial hearings. *Curtis v. Bembenek*, 48 F.3d 281, 284-85 (7th Cir. 1995) (finding that police officers have absolute immunity for testimony at preliminary hearings). Because Plaintiff's allegations against Lloyd fall squarely within the holding of *Curtis*, Plaintiff has failed to state a claim under § 1983 against Lloyd for his testimony at the preliminary hearings.

To the extent that Plaintiff seeks to pursue a common law action, such as one for defamation, the Court declines to exercise supplemental jurisdiction over any state law

claim.  *See* 28 U.S.C. § 1367(c) (supplemental jurisdiction is discretionary if all federal law claims are dismissed).

In sum, Plaintiff's complaint will be dismissed in its entirety because he has failed to present factual or legal allegations sufficient to state a claim against any named defendant.  Typically, the Court would afford the Plaintiff an opportunity to amend his complaint, but here the Court does not believe a second opportunity to amend is necessary because it is not apparent that plaintiff could produce any set of allegations related to the underlying factual allegations that would be sufficient to state a claim based upon the identified legal theories.  The Court will dismiss Plaintiff's amended complaint for failure to state a claim.  *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile).

## Disposition

Plaintiff's Amended Complaint will be **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable regardless of the dismissal of this case.  See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Plaintiff was assigned an initial partial filing fee of $30.84.  To date, the Court has not received any money from the Plaintiff.  The full fee of $350 remains due, and efforts to collect these funds shall continue.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

Dated: October 31, 2022

_____
DAVID W. DUGAN
United States District Judge